## Day *v.* Wamsley.

Pleading.—*Evidence.*—*General Denial.*—In an action to recover for goods alleged to have been sold and delivered to the defendant, he may show under an answer of general denial, that they were sold and delivered to his wife under such circumstances as not to bind him.

Principal and Agent.—*Notice to Agent.*—In a suit for goods sold and delivered, it having appeared that they were sold and delivered to the defendant's wife;

*Held,* that the fact that one who was a salesman of the plaintiff at the date of the sale and assisted in the sale of a part of the goods, had been told by a disinterested person in an idle conversation some months before (it not appearing that said salesman was then in the employment of the plaintiff), that the defendant and his said wife were separated at that time, could not charge the plaintiff with notice of the fact so communicated.

APPEAL from the Bartholomew Common Pleas.

Ray, J.—Complaint by appellee for goods sold and delivered to appellant.    Answer in five paragraphs.    First, general denial.

"*Second Paragraph.* For further answer, this defendant says that if the goods described in plaintiff's complaint were sold and delivered, they were not sold and delivered to this defendant, but to his wife, without his knowledge or consent to bind him to pay for the same; she being at that, and all times prior thereto, supplied with all necessaries suitable to the estate and condition of defendant, without said goods, and she having never bought any such goods as charged in this bill prior thereto, which ever came to the knowledge of defendant, or which were ever paid for by him.

"*Third Paragraph.* For further answer, defendant says that if any goods were purchased from plaintiff, as charged in the complaint, defendant's wife bought said goods, without his knowledge or consent, and without authority from him so to do; and when she bought them, she and defendant were living separate and apart from each other, and without fault of defendant, who had supplied her with all necessaries up to the time of said purchase, and was still ready to do so.

"*Fourth Paragraph.* For further answer, defendant says that if said goods were sold and delivered to any one, they were not sold and delivered to this defendant, but to his wife, who bought the same without his knowledge or consent, and without any authority from him so to do; that she had abandoned defendant's bed and board before that time, without cause, and was at the time of purchasing said goods, living apart from him, without cause for so doing."

To the second, third, and fourth paragraphs, demurrers were sustained. The proper method of disposition would have been to have stricken these paragraphs out on motion, as amounting simply to argumentative denials. Their effect was simply to aver that the goods were not sold to the appellant. To the fifth paragraph a reply was filed, and the cause tried; finding for the appellee. The evidence is not before us.

At the proper time, the appellant moved to suppress the sixth question and answer of Margaret Summers' deposition,

which are as follows: "Did you have any conversation with the plaintiff, or any of his clerks, relative to the separation of defendant from his wife? and if so, state when and where said conversation was held, and all that was said in said conversation."

*Answer*, "I had a conversation with William Atkison, I think between Christmas and New Years of 1866, at the Mooney House, in Brownstown. He asked me where I was living when at home. I told him I was living at the widow Wayman's place, at my father's. He said he was acquainted over there. I asked him who were the persons he was acquainted with, and he mentioned Mr. Parker's family, the family of the wife of the defendant. I told him that Sarah was married to Mr. Day, the defendant, though they were separated at the time. He said he supposed people would have trouble in their families sometimes, and that was about all there was of the conversation."

The deposition discloses that Atkison, at the date of the purchase of the goods by appellant's wife, was salesman in appellee's store and assisted in the sale of part of the goods for the value of which the suit was brought. The conversation spoken of by the witness occurred a few months before the date of the sale. It does not appear that Atkison was in the employ of the appellee at the date of the conversation, and therefore notice to him by such conversation would not be, according to Judge Story's view, constructive notice to his subsequent employer. Story on Agency, § 140. There are authorities, however, which controvert this rule. Story Eq. Jurisp. § 408, note 2. But the conversation was not of such a nature as would naturally require the agent to communicate it to his principal, if he were actually in the employ of the appellee. It was the mere idle talk of parties having no interest in the subject discussed, and not likely to make any impression on the mind of the agent. The notice to the agent, to operate as constructive notice to the principal, must be such as would reasonably charge the agent, on failure to repeat, with breach

of faith and duty to his employer, and therefore the law will, under such circumstances only, presume he has communicated his knowledge to his principal. Story on Agency, § 140, and authorities cited. The rule, indeed, is, that the special circumstances of each case must control the admission or rejection of the evidence. Story Eq. Jurisp., *supra.*

The court committed no error in excluding the evidence. Judgment affirmed, with ten per cent. damages and costs.

*W. K. Marshall, W. Herod,* and *W. W. Herod,* for appellant.

*F. T. Hord,* for appellee.